UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GPS GRANITE LTDA,

    Plaintiff,

v.                                          Case No: 8:16-cv-775-T-30AAS

ULTIMATE GRANITE, INC.,

    Defendant.
_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Dkt. 11) and Plaintiff's Response (Dkt. 12). The Court has considered these filings, the complaint, and the applicable law and concludes, as discussed briefly below, that the motion should be denied.

## FACTUAL BACKGROUND

Plaintiff GPS Granite is a Brazilian corporation that creates granite slabs and sells them to businesses in the United States and Canada. (Dkt. 1, ¶ 4). Defendant Ultimate Granite, a Florida corporation specializing in the installation of custom kitchens, is one such business.

According to the allegations in the complaint, Plaintiff and Defendant's business relationship involved not only the sale of granite, but also the physical transfer of that granite in a Brazilian port. Plaintiff would deliver the granite to the port, at which point one of Defendant's agents would review an invoice Plaintiff provided, inspect the granite

for conformity with the specifications listed on the invoice, and then take possession of the granite. Defendant would thereafter pay the purchase price listed on the invoice. (Id. at ¶¶ 7–10).

The invoices, Plaintiff alleges, set forth the terms of each transaction, terms like the description of the granite, its price, the date payment is due, the penalties imposed for late payment, and the manner by which Defendant may object to any non-conformities in the delivery. (Id. at ¶¶ 11–13). In other words, each invoice constituted a contractual offer, which Defendant accepted each time it accepted the granite without objections. Plaintiff alleges that this kind of contractual arrangement is common in the granite industry. And more important, because Plaintiff and Defendant are corporations under the laws of two different countries, the arrangement is a contract recognized and governed by the United Nations Convention on Contracts for the Sale of International Goods ("CISG"), to which both countries are parties. (Id. at ¶ 19).

The complaint further alleges that, at some point during their business relationship, Defendant stopped paying for the granite it accepted from Plaintiff. Instead, Defendant took the granite without paying for it, resold it to other entities or individuals, and kept the profits for itself. (Id. at ¶ 13, 15).

Plaintiff's complaint contains seven claims. Count I is for breach of contract, Count II is for conversion, and Count III is for civil theft. The last four counts are equitable claims, and the complaint states that they are pled as alternative theories of recovery. Count IV is for open account, Count V for quantum valebant, Count VI for unjust enrichment, and Count VII for promissory estoppel.

## DISCUSSION

Defendant moves to dismiss all counts in a barely three-page motion, citing 100-year-old California state-court opinions and repeatedly arguing that Plaintiff's allegations are "inherently" or "patently repugnant" to the claims raised. They are not, and none of the counts will be dismissed.

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *La Grasta v. First Union Securities, Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004) (internal citations omitted). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This

plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

**Count I – Breach of Contract**

The CISG "applies to contracts of [the] sale of goods between parties whose places of business are in different States when the States are Contracting States." CISG, Art. 1(a), *opened for signature* April 11, 1980, S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.L.M. 671, *reprinted* at 15 U.S.C. app. 332 (1998). As signatories to the treaty, both the United States and Brazil are contracting parties. The CISG governs "the formation of the contract of sale and the rights and obligations of the seller and the buyer arising from such a contract." CISG, Art. 4. Unless explicitly excluded by the parties to a contract to which the CISG is applicable, the CISG provides the substantive law governing any contractual disputes between those parties. *See MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova D'Agostino, S.P.A.,* 144 F.3d 1384, 1387 (11th Cir.1998). In short, the CISG applies to the dispute between Plaintiff and Defendant.

Under the CISG, a "contract is concluded at the moment when an acceptance of an offer becomes effective." CISG, Art. 23. Additionally, contracts under the CISG need not be agreed to in writing, and "parties are bound by any usage to which they have agreed and by any practices which they have established between themselves." CISG, Arts. 9, 11.

Here, Plaintiff has adequately alleged the existence of a contract under the CISG and a breach of that contract. Accepted as true, the allegations establish that the parties agreed to precisely the kind of contract the contracting parties envisaged when they drafted

4

the CSIG and, more importantly, the United States and Brazil endorsed when they became parties to the convention. Notably, Defendant's motion implicitly concedes as much by failing to argue the applicability of the CSIG to this case. Instead, Defendant confines its argument to Plaintiff's "fail[ure] to attach to the Complaint a signed written contract between the parties, or allege that the Defendant executed such a contract." (Dkt. 11, p. 2). The CISG does not require a signed written contract. And the law governing a motion to dismiss does not require that one be attached to a complaint. Count I will not be dismissed.

**Count II – Conversion**

The tort of conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Thomas v. Hertz Corp.*, 890 So. 2d 448, 449 (Fla. 3d DCA 2004) (quotation marks and internal citation omitted).[1] It occurs when "a person wrongfully refuses to relinquish property to which another has the right of possession." *Seymour v. Adams*, 638 So. 2d 1044, 1047 (Fla. 5th DCA 1994) (citations omitted). Liability for this tort (and for civil theft, Count III) requires more than simply failing to honor a contract. *See Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 495 (Fla. 3d DCA 1994) ("[A] plaintiff may not circumvent the contractual relationship by bringing an action in tort."). Instead, the defendant's conduct "must go beyond, and be independent from, a failure to comply with the terms of a contract." *See Gasparini v.*

---

[1] At least it is under Florida law. Plaintiff assumes without argument that Florida substantive law is applicable to this dispute. Defendant does not argue otherwise. Unless it bears on the Court's jurisdiction, which is does not, the Court will take the matter no further. *See Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, *6 (M.D. Fla. Jan. 30, 2014) ("the Court will not on its own raise arguments. . . .") (internal quotation marks and citations omitted).

*Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (citing *Ginsberg*, 645 So. 2d at 495).

In the complaint, Plaintiff plainly alleges that Defendant's ownership of the granite was contingent on its having paid for the granite, which Defendant did not do. (Dkt. 1, ¶ 4). The complaint further alleges that, despite failing to pay for the granite, Defendant took and maintained possession over it. (Id. at ¶ 26). And finally, the complaint alleges that, after taking possession of the granite it did not pay for, Defendant resold the granite and kept the proceeds of those sales for itself. If true, these allegations describe more than a failure to honor a contract. The allegations describe an "act of dominion wrongfully asserted" over Plaintiff's granite. Whether the allegations can ultimately be proven will be determined during discovery and perhaps at the summary judgment stage of the case. At this early stage, Plaintiff has alleged sufficient factual matter to state a claim for conversion. Count II will not be dismissed.

**Count III – Civil Theft**

A civil theft occurs when a person "knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property" or "(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property." *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1362 (M.D. Fla. 2007) (quoting Fla. Stat. § 812.014(1)). To state a claim for civil theft, a plaintiff must allege "that a conversion has taken place and that the accused

acted with criminal intent." *Heldenmuth v. Groll*, 128 So. 3d 895, 896 (Fla. 4th DCA 2013) (internal citations omitted).

As discussed above, Plaintiff adequately alleged the tort of conversion in Count II. In Count III, Plaintiff alleges that this same conduct was deceitful and "intentional" and "felonious." (Dkt. 1, ¶ 30). The Court finds that these allegations, though conclusory, are supported by the complaint's other well-pleaded allegations. *See Davila*, 326 F.3d at 1185. The allegations relevant to Count III permit the Court to draw the reasonable inference that Defendant's conduct was done with criminal intent. *See Iqbal*, 556 U.S. at 678; *compare Bookworld*, 532 F. Supp. 2d at 1363 ("Plaintiff has cited to no record evidence indicating that [Defendant] possessed a "felonious intent to steal," which is required to sustain a civil theft claim.") (internal citations omitted). Discovery will determine whether criminal intent can be proven. For now, Count III will not be dismissed.

**Counts IV–VII – Claims for Equitable Relief**

Both the federal and Florida Rules of Civil Procedure permit plaintiffs to plead additional claims as alternative theories of recovery. *See* Fed. R. Civ. P. 8(d)(2); Fla. R. Civ. P. 1.110(g). Plaintiff's complaint explicitly states that Counts IV–VII have been pled in this way, and Defendant's argument for dismissing them in fact serves to reinforce the alternative way in which the counts *may* become viable. Defendant argues that Counts V and VI should be dismissed, for example, because recovery on those equitable theories cannot be obtained if there is an express contract between the parties. This is precisely why such counts are pled in the alternative: Count I requires that Plaintiff establish the existence of an express contract, and Plaintiff may fail in this regard.

7

Equitable claims like those Plaintiff has raised here have long been recognized as permissible alternative counts. *See Banks v. Steinhardt*, 427 So. 2d 1054, 1056 (Fla. 4th DCA 1983) (citing the Florida Pleading Rule and reversing the trial court's dismissal of Plaintiff's alternative quantum meruit claim). The Court will not "prematurely cut out what could" become a viable basis for recovery. *Id.* Counts IV through VII will not be dismissed.

It is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 11) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of October, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record